Chief Judge Breitel (concurring).
I agree that there should be a modification but on a limited ground. On summary judgment, as this is, the court is not confined to the pleadings.
In the pleading and the rather inadequate papers submitted by appellant on the motion, there is the bald assertion that he was punished with solitary confinement without cause and without cause being assigned. The bald assertion is never answered by respondents with evidentiary facts; there is only a general denial. I suppose that the bald assertion by plaintiff, if true, almost incredible though it may seem, could not be amplified by further evidentiary facts. The same could not be said of defendants’ bald assertions. There must be at least a description of the punishment imposed, and if imposed, the reasons for the imposition, and whether and how plaintiff was so advised.
I agree that even a prisoner, especially one detained awaiting trial, may not be punished without being advised of the cause and being given some opportunity to respond to the accusation, at least on a summary and informal appearance before an or the administrative prison supervisor not directly involved in the accusation.
Accordingly, I would modify, without costs, and deny defendants’ motion for summary judgment, but with leave to renew their motion on proper papers setting forth the evidentiary facts relevant to plaintiff’s solitary confinement.